UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 SEP 18 A 9 01

|                                     |   |                                    |
|-------------------------------------|---|------------------------------------|
| Vincent L. Barr,                    | ) | C/A No. 2:08-3024-CMC-RSC          |
| aka *Vincent Lawrence Barr*,        | ) |                                    |
|                                     | ) |                                    |
|                         Plaintiff,  | ) |                                    |
|                                     | ) |                                    |
| vs.                                 | ) | **Report and Recommendation**      |
|                                     | ) |                                    |
| Director Michael Johnson;           | ) |                                    |
| Chief FNU Brown;                    | ) |                                    |
| Captain Bradley,                    | ) |                                    |
|                                     | ) |                                    |
|                         Defendants. | ) |                                    |

## *Background of this Case*

At the time the plaintiff originally filed this case, the plaintiff was a detainee at the Williamsburg County Detention Center. The plaintiff has been released from jail and now resides in Kingstree, South Carolina. All defendants work at the Williamsburg County Detention Center.

In the amended complaint, the plaintiff complains about the grievance system at the Williamsburg County Detention Center, the lack of a right of appeal, the lack of supervision of detainees during recreation, the lack of emergency procedures, and conditions at the Williamsburg County Detention Center.

1

**Discussion**

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is subject to dismissal under the so-called "three strikes" rule in the Prison Litigation Reform Act. It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court. *See, e.g.*, 28 U.S.C. § 1915(g); and *Green v. Nottingham*, 90 F.3d 415, 417-420 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively).

The four cases in which "strikes" have been entered against the plaintiff are displayed in the table below:

| Case Name | Civ. Act. No. | Date Strike Entered | Docket Entry of Strike |
|---|---|---|---|
| Barr v. Williamsburg County, et al. | 2:06-3577-CMC | 02/27/2007 | Entry No. 7 and Entry No. 8 |

| | | | |
|---|---|---|---|
| Barr v. Williamsburg County, et al. | 2:05-2201-CMC | 09/06/2006 | Entry No. 7 |
| Barr v. G. Thomas Cooper, South Carolina Circuit Judge, et al. | 2:05-1725-CMC | 08/01/2005 | Entry No. 5 and Entry No. 7 |
| Barr v. South Carolina Department of Probation Parole, et al. | 2:02-1060-CMC | 11/08/2002 | Entry No. 34 |

This court may take judicial notice of the aforementioned civil actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a

judicially-created rule. The Congress, however, has determined that prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case is not the first instance where new laws have affected plaintiffs. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled *In Re TMI* [Three-Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996) (upholding amendments to Price-Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations). *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir. 1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir. 1976).[3] The plaintiff, however, is clearly

---

[3]Unrelated portions of the holding in *Mirabal v. GMAC* — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made
(continued...)

5

subject to the Prison Litigation Reform Act (PLRA) because the amended complaint was filed more than twelve years after the enactment of the PLRA on April 26, 1996.[4]

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint):

> The district court found that Banos had filed at least four prior actions that had been dismissed as frivolous, that he had not alleged that he was in imminent danger of serious bodily injury and therefore dismissed his complaint pursuant to 28 U.S.C. § 1915(g). The dismissal order does not mention Banos' allegation of "immediate physical injury."
>
> Banos filed a notice of appeal and an application to proceed IFP on appeal. The magistrate judge assessed a partial filing fee and allowed Banos to proceed IFP on appeal.

---

(...continued)
to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in *Brown v. Marquette Savings and Loan Assn.*, 686 F.2d 608 (7th Cir. 1982), which overruled, in part, *Mirabal v. GMAC*.

[4]At the time the plaintiff mailed the amended complaint to the Clerk's office, he was still confined at the Williamsburg County Detention Center. *See* Entry No. 7-2. Hence, the Prison Litigation Reform Act still applies to the plaintiff.

ANALYSIS

The district court's determination that § 1915(g) bars Banos from proceeding IFP in a civil action seems incongruous with the grant of leave to appeal IFP. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Banos does not contest the fact, that he has had at least three dismissals on the basis of frivolousness. *See Banos v. Caldwell*, No. 97-40186 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Gail*, No. 97-40466 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Brown*, No. 97-40468 (5th Cir. Aug. 15, 1997) (unpublished).

In light of these three "strikes," Banos cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (1996). This case requires us to determine what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time

7

that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See § 1915(g).

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in *Gibbs v. Roman*, 116 F.3d 83 (3rd Cir.1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. *Gibbs*, 116 F.3d at 86. We read the statute to require the inquiry concerning the prisoner's danger to be made at the time of the IFP motion.

In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.REP., No. 104-21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. Id. If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. * * *  When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations.   In order to implement this statutory scheme, we must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP. Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.

Applying this standard to Banos, we conclude that he is not entitled to proceed

8

> with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Banos pays the appeal fees within thirty days of this dismissal.

*Banos v. O'Guin*, 144 F.3d at 884-885 (footnote omitted from quotation). *See also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997).

Moreover, this case is now moot because the plaintiff is out of jail. *See* Entry No. 10; *Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, 1994 U.S.Dist. LEXIS 12499, *8-*9, 1994 WL 470568 (D.N.H., Sept. 2, 1994), *reconsideration denied, I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS 17258 (D.N.H., Nov. 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

Secondly, the plaintiff cannot "represent" other inmates at the Williamsburg County Detention Center. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). *Cf. Inmates v. Sheriff Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *

10

(4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

September 17, 2008  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

11

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).